
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANTE HANALEI PATTISON, | No. 15-16455 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-00315-KJD-PAL |
| v. | |
| COLE MORROW; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted June 12, 2017
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,[**] District Judge.

This habeas appeal arises from Petitioner-Appellant Dante Pattison's

Nevada state convictions for three counts of murder and one count of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

manslaughter. Pattison pleaded not guilty by reason of insanity. Pattison argues that the prosecution violated his Fifth and Fourteenth Amendment rights by using evidence from his stay at a mental health facility to prove that Pattison was sane at the time of the killings. The district court denied the petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

At trial, Pattison called expert witnesses to testify that he suffered from a form of schizophrenia that would induce delusions. The experts relied on records from Pattison's roughly twenty-month stay at the mental health facility, where Pattison had been evaluated to determine competency to stand trial. The prosecution countered Pattison's defense by calling staff from the mental health facility and its own expert, who had examined the facility records. The prosecution relied on these witnesses to argue that Pattison's delusions at the time of the killings were caused by drug use, rather than schizophrenia.

The Nevada Supreme Court's 2007 decision affirming Pattison's conviction was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; nor was it an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). Pattison's Fifth Amendment claim fails because Pattison's reliance on records from the mental health facility to prove his

2

insanity justified the prosecution's reliance on such evidence to rebut the insanity defense. *See Buchanan v. Kentucky*, 483 U.S. 402, 422–23 (1987). Pattison's due process claim is that the evidence from the mental health facility should have been excluded as excessively prejudicial. This is foreclosed by this court's 2009 decision in *Holley v. Yarborough*, where we concluded that the Supreme Court of the United States "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." 568 F.3d 1091, 1101 (9th Cir. 2009).

Pattison also argues that his conviction and sentence are invalid because the prosecution took advantage of Pattison's post-arrest silence, in violation of the Fifth and Fourteenth Amendments. Even assuming that Pattison adequately raised this claim below, he cannot prevail on the merits. His claim is that even if the state can rely on records from the mental health facility to show what Pattison said or did during the evaluation, *see Buchanan*, 483 U.S. at 422–23, it cannot rely on what the records show he did not say or do. No clearly established law supports making this distinction. Pattison's reliance on *Wainwright v. Greenfield*, 474 U.S. 284 (1986), is misplaced. *Greenfield* did not involve a situation where the prosecution relied on evidence that had already been used by the defense to argue insanity. The Nevada Supreme Court's decision in this case was therefore not

3

contrary to, or an unreasonable application of, *Greenfield* or any other Supreme

Court law.

The district court properly denied Pattison's habeas petition.

**AFFIRMED**.

*Pattison v. Morrow*
No. 15-16455

Judge N.R. Smith, concurring in part and concurring in the judgment:

I join the majority with respect to its analysis and disposition of Pattison's Fifth and Fourteenth Amendment claims relating to the introduction of evidence from his stay at the mental health facility. I do not join its analysis of Pattison's claim that his conviction and sentence are invalid because the prosecution took advantage of Pattison's post-arrest silence, in violation of the Fifth and Fourteenth Amendments. I would decline to reach the merits of this claim. Pattison raised this claim in the state courts and in the district court within the context of an ineffective assistance of counsel claim. He never pleaded this claim independent of his ineffective assistance of counsel claim, as he now does on appeal. We declined to grant Pattison a certificate of appealability on any of his ineffective assistance of counsel claims. Therefore, this claim is not properly before us.

1